NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-551

NORA E. WHIPPLE

VERSUS

DAVID J. WHIPPLE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 75294
HONORABLE LESTER P. KEES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders, and Marc T. Amy, Judges.

**AFFIRMED.**

Nora E. Whipple
In Proper Person
148 Maurice Drive
Leesville, LA 71446
(217) 390-5460


David J. Whipple
In Proper Person
334 Willow Bend Circle
Leesville, LA 71446
(337) 537-3331

**SAUNDERS, Judge.**

Appellant, Nora E. Whipple, filed a petition to amend custody of her two minor children on December 5, 2005. The petition sought to amend a custody decree rendered February 18, 2005 in Champaign, Illinois, granting sole custody of the two minor children to Appellee, David J. Whipple. On January 6, 2006, Appellant filed an affidavit for emergency temporary custody in the 30th Judicial District Court of the State of Louisiana. The motion was denied, as the judgment was foreign and not recognized by the court. A hearing was set for March 6, 2006. After the aforementioned hearing, the trial court dismissed Appellant's petition, finding that it did not recognize the original custody decree, as it was never properly made executory. Further, the court pointed out that Appellant alleged no cause of action in her petition, as she alleged no change in circumstances warranting a modification in custody. We affirm.

**FACTS AND PROCEDURAL HISTORY**

Appellant, Nora E. Whipple, filed a petition to amend custody of her two minor children, Carley A. Whipple and Benjamin O. Whipple, on December 5, 2005, seeking modification of a custody decree rendered on February 18, 2005 in Champaign, Illinois. In the custody decree, the trial court awarded sole custody of the two minor children to Appellant's former spouse, Appellee, David J. Whipple, and granted Appellant reasonable visitation. Appellant and Appellee had been granted a dissolution of marriage in Illinois on July 1, 2004. However, at the time of the commencement of the custody proceedings, Appellee and the two minor children were residents of the State of Louisiana.

On January 6, 2006, Appellant filed a pleading titled "Affidavit for Emergency Temporary Custody" in the 30th Judicial District Court of the State of Louisiana. The

trial court denied her motion on January 10, 2006 on the basis that the foreign custody judgment was not recognized by the court, and the modification hearing was set for March 6, 2006. Appellant filed a response to the claim that the foreign judgment was not recognized by the court on January 13, 2006. On the same day, she also filed an affidavit for ex parte order of temporary custody.

On February 21, 2006, Appellant filed a pleading titled, "Request to Direct Expert Witness Diana Lenix to Answer Interrogatories and Produce Documents as Originally Asked for by Nora E. Whipple." Ms. Lenix had been appointed as a limited guardian *ad litem* in the original custody proceedings by the Illinois trial court to conduct an investigation as to the best interests of the children and report her findings to the judge. In a letter directed to the Illinois trial court judge, dated January 20, 2004, Ms. Lenix stated that after speaking with both parties, both children and three other people, whose names were given to her by the parties, as well as written information from both police and medical sources that she recommended that the children remain in the custody of Appellee on a permanent basis, as he was the more stable of the two. Upon receiving Appellant's request, Ms. Lenix objected on the basis that she was not a party to the proceedings, and therefore, she could not be compelled to answer interrogatories or produce documents.

The matter was heard on March 6, 2006, and after considering the pleadings and the law, the trial court dismissed Appellant's petition to modify custody, rendering judgment in open court the same day. In giving its reasons for judgment, the court stated that the modification petition, itself, contained no request or order within it, nor was there a petition filed requesting that the Illinois custody judgment be recognized by the Louisiana trial court. The court further pointed out that even

2

had the judgment been properly made executory, Appellant's petition would have been dismissed, as it contained no allegations of any material change in circumstances warranting a modification of custody. Accordingly, the trial court dismissed Appellant's petition. Appellant now appeals, seeking sole custody of both minor children, allowing Appellee supervised visitation of Benjamin O. Whipple, but allowing no visitation with Carley A. Whipple other than by mail, email, fax, or telephone. She further requests that Appellee pay her permanent maintenance, that he provide child support, that he be ordered to take parenting classes and undergo therapy. Additionally, she requests the extradition of several non-parties to the litigation. Finally, in her appellate brief, Appellant prays for a recommendation of disbarment of a handful of attorneys, as well as the removal of several judges involved in the original custody proceedings that took place in Illinois.

**ASSIGNMENT OF ERROR**

The trial court erred in denying the petition to amend the custody of Carley A. Whipple and Benjamin O. Whipple.

**STANDARD OF REVIEW**

It is well established that an appellate court cannot overturn the factual findings of a trial court unless, after careful review of the record as a whole, the appellate court finds that the factual conclusions of the trier of fact were manifestly erroneous or clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). The appellate standard of review is both constitutionally based and jurisprudentially refined.

This state's appellate review standard, which is constitutionally based and jurisprudentially driven, is that a court of appeal may not overturn a judgment of a

3

trial court absent an error of law or a factual finding which is manifestly erroneous or clearly wrong. *Stobart v. State through Dep't of Transp. and Dev.*, 617 So.2d 880 (La.1993).

If there is conflict in the testimony, the appellate court cannot substitute its own judgment. The appellate court can only review the record as a whole to ensure that the judgment of the trial court was reasonable. "[T]he issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Id.* at 882. (Citations omitted.)

> [I]f the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong.

*Rosell.* 549 So.2d at 844. (Citations omitted.)

**LAW AND ANALYSIS**

Appellant argues that the trial court erred in dismissing the petition to amend custody of the two minor children, Carley A. Whipple and Benjamin O. Whipple, by ignoring the Uniform Interstate Family Support Act and additionally ignoring the Illinois Domestic Violence Act and the Illinois Abused and Neglected Child Reporting Act. When the trial court rendered its reasons for judgment in open court on March 6, 2006, the court stated that Appellant never filed a petition requesting that the original custody decree from Illinois be recognized as a valid judgment in Louisiana pursuant to La.Code Civ.P. art. 2541 before she proceeded with her attempts to have the Louisiana court amend the decree. Louisiana Code of Civil Procedure Article 2541 states:

4

A. A party seeking recognition or execution by a Louisiana court of a judgment or decree of a court of the United States or a territory thereof, or of any other state, or of any other foreign country may either seek enforcement pursuant to R.S. 13:4241, et seq., or bring an ordinary proceeding against the judgment debtor in the proper Louisiana court, to have the judgment or decree recognized and made the judgment of the Louisiana court.

B. In the latter case, a duly authenticated copy of the judgment or decree must be annexed to the petition.

Louisiana Revised Statutes 13:4242 states in pertinent part:

A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be annexed to and filed with an ex parte petition complying tithe Code of Civil Procedure Article 891 and praying that the judgment be made executory in a court of this state. The foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject to the same procedures, defenses, for reopening, vacating, or staying as a judgment of a court of this state and may be enforced in the same manner.

Indeed, Appellant's petition contains no request that the custody decree of the Illinois court be made executory, nor is there any evidence in the record that Appellant filed such a request. Therefore, because Appellant did not undertake the required procedural steps pursuant to La.Code Civ.P. art. 2541 and La.R.S. 13:4242, the Louisiana trial court could not recognize the foreign judgment and, in turn, could not modify it.

The trial court next pointed out in its reasons for judgment that even had the court recognized the judgment, the petition would still have been dismissed, as a party must allege in its petition a change of circumstances to warrant such modification. In Louisiana, there are two distinct burdens of proof required to modify a custody agreement, which are determined based upon the type of custody decree

5

entered into by the parties. In order to modify a consent custody decree, in which the parties have agreed to the terms, the party seeking the modification must prove only that there has been a material change of circumstances, and that the proposed modification is in the best interest of the child. *Evans v. Lungrin*, 97-541 (La. 2/6/98), 708 So.2d 731. However, if the custody decision was rendered as a "considered decree," in which the trial court considered evidence of parental fitness, the proponent has a higher burden of proof, and must prove that "the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child." *Bergeron v. Bergeron*, 492 So.2d 1193, 1200 (La.1986).

The trial court found that Appellant stated no cause of action for a modification of custody, as she did not allege a material change in circumstance based on facts or incidents that occurred subsequent to the rendition of the Illinois custody decree. We agree. Appellant alleges several extraneous causes of action in her petition. However, they all occurred before the rendition of the decree and many are alleged against persons who are not named parties to the instant litigation, including judges and lawyers involved in the initial custody proceedings that occurred in Illinois. As the trial court pointed out, Louisiana courts have no jurisdiction over matters that occurred in Illinois at the trial court level; those issues must be litigated in the Illinois judicial system. In the instant case, the custody decree granting sole custody of the two minor children to Appellee would appear to fall under our definition of "considered decree," as the court appointed Ms. Lenix to conduct an investigation regarding the dispute, considered the evidence, and subsequently made a ruling on

the matter. However, whether the decree was consensual or considered is immaterial, as Appellant does not allege or present adequate evidence to meet the lesser burden of proving a material change in circumstances since the rendition of the original custody decree.

Therefore, we find that the trial court did not err in holding that Appellant asserted no cause of action for modification of custody in her petition. Accordingly, the dismissal of her petition was appropriate.

**CONCLUSION**

After a review of the record, we do not find that the trial court was manifestly erroneous in dismissing Appellant's petition, as the original custody decree was never made executory, and is therefore not recognized by the courts of this State. Further, we find that Appellant asserted no cause of action to warrant a modification of such decree had it been made executory. Therefore, we affirm the decision of the trial court and cast Appellant with all costs of this appeal.

**AFFIRMED.**

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.**